# EXHIBIT A

Filing # 93932678 E-Filed 08/09/2019 12:38:15 PM

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | | |
|---|---|---|
| URI MARRACHE, individually and on behalf of all others similarly situated, | ) ) ) | **CASE NO.** |
| Plaintiff, | ) ) | **CLASS REPRESENTATION** |
| v. | ) ) | |
| BACARDI U.S.A., INC., a Delaware corporation d/b/a THE BOMBAY SPIRITS COMPANY U.S.A.; and WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, URI MARRACHE, ("**Plaintiff**"), individually and on behalf of all persons similarly situated, brings this action against the Defendant, BACARDI U.S.A., INC., a Delaware corporation d/b/a THE BOMBAY SPIRITS COMPANY U.S.A. ("**BACARDI**") and WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS (the "**WINN-DIXIE**") (collectively the "Defendants"), and alleges:

1.  This action is brought by the Plaintiff pursuant to Fla. R. Civ. P. 1.220, on behalf of all persons in the State of Florida who have purchased Bombay Sapphire® Gin (the "Adulterated Liquor").

2.  Subject matter jurisdiction is vested in this Court in that the matter is civil and the amount in controversy is greater than $15,000.00, within the jurisdictional limits of this Court.

3.  Personal jurisdiction derives from the fact that the Defendants conduct business within the State of Florida.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 2 of 13

4.      Venue is proper in Miami-Dade County as the actions giving rise to these claims

occurred in Miami-Dade County, Florida.

5.      All conditions precedent to this action have been performed or have occurred.

## I. THE NAMED PARTIES

6.      Uri Marrache is an individual residing in Miami-Dade County, Florida, who

purchased the Adulterated Liquor in Florida within the last four years.

7.      BACARDI U.S.A., INC. d/b/a THE BOMBAY SPIRITS COMPANY U.S.A., is a

Delaware corporation, doing business within the State of Florida and Miami-Dade County.

8.      WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS, is a Florida

corporation who has knowingly sold the Adulterated Liquor to the Plaintiff, and other unsuspecting

individuals, throughout the State of Florida.

## II. FACTUAL ALLEGATIONS

9.      Plaintiff is a consumer as defined by Section 501.203, Fla. Stat.

10.     Defendants were at all times engaged in trade or commerce in Florida as defined

under Section 501.203, Fla. Stat., and are otherwise not exempt.

11.     The Adulterated Liquor is a liquor as defined by Section, 565.01, Fla Stat.

12.     Defendant BACARDI is the producer of the Adulterated Liquor, which is Bacardi's

world famous Bombay Sapphire® Gin.  According to the gin's marketing and labelling, "every drop

contains 10 hand-selected botanicals from exotic location around the world."

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 3 of 13

13.     Indeed, one of the 10 hand-selected botanicals, prominently etched on each of its distinctive blue bottles, is Grains of Paradise.

14.     Grains of Paradise, whose binomial name is *Aframomum melegueta*, is an herbaceous perennial plant native to swampy habitats along the West African coast.

15.     When consumed, Grains of Paradise have been known for their warming and digestive properties.

16.     Additionally, Grains of Paradise has been used in other parts of the world for medicinal purposes including, without limitation, to treat impotence and to stimulate miscarriages when a pregnancy was unwanted.

17.     Not surprisingly, adulterating alcohol with grains of paradise is illegal in Florida.

18.     Specifically, Section 562.455, Florida Statute, provides:

> **562.455   Adulterating liquor; penalty.**—Whoever adulterates, for the purpose of sale, any liquor, used or intended for drink, with cocculus indicus, vitriol, grains of paradise, opium, alum, capsicum, copperas, laurel water, logwood, brazil wood, cochineal, sugar of lead, or any other substance which is poisonous or injurious to health, and whoever knowingly sells any liquor so adulterated, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s.775.083, or s. 775.084.

19.     The provisions of Section 562.455, Fla. Stat., have not changed during the relevant period alleged herein.

20.     Bacardi adulterates its Bombay Sapphire® gin with Grains of Paradise for the purpose of sale, in violation of Florida law.

https://www2.miami-dadeclerk.com/ocs/ViewerHTML5.aspx?QS=B6%2f9EwnZlIiih%2b...     9/16/2019

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 4 of 13

21.     Winn-Dixie knowingly sells the Adulterated Liquor throughout of Florida in contravention with Florida law.

22.     As a result of the foregoing, the Plaintiff and other similarly situated persons, have been damaged.

### III. CLASS REPRESENTATION ALLEGATIONS

23.     Pursuant to the provisions of Rule 1.220(c), Florida Rules of Civil Procedure, Plaintiff alleges the following:

24.     The prosecution of individual remedies by members of the plaintiff class would tend to establish inconsistent standards of conduct for the Defendants, and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

25.     There is no plain, speedy or adequate remedy other than by the maintenance of this class action since, Plaintiff is informed and believes, the damage to each plaintiff is relatively small in that the individual purchase price of the Adulterated Liquor is generally less than $40.00, making it economically unfeasible to pursue remedies other than by means of a class action.  Consequently, because of the small amount of funds involved with each individual member of the class, class representation is the only viable approach to resolving the issues presented.

26.     Common questions of law and fact affect the rights of each member of the class and common relief by way of damages is sought for the members of the class.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 5 of 13

27.      Common issues of fact and law include:

**I.      Whether the adulteration by the Defendant BACARDI of Bombay Sapphire® Gin for Sale in violation of §562.455, Florida Statute, is a per se violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.203(3)(c), Florida Statute;**

**II.     Whether the sale of adulterated Bombay Sapphire® Gin by Defendants, in violation of §562.455, Florida Statute, is a per se violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.203(3)(c), Florida Statute;**

**III.    Whether the sale of the adulterated Bombay Sapphire® Gin by Defendants is a violation of §500.04(1)-(3) Florida Statute, and thus a per se violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.203(3)(c), Florida Statute.**

28.      Plaintiff will fairly and adequately represent the interests of each class member, because Plaintiff has no interests that are antagonistic to the claims of the members of the class; and the Plaintiff will vigorously pursue the claims that he asserts on behalf of the members of the class.

29.      The exact number of the members of the class is not known to the Plaintiff, but can be determined from records maintained by the Defendants.  Plaintiff believes that there are hundreds of thousands potential class members. It is believed that most class members are unaware that they have claims.  Whether or not they are aware, however, their claims have damages in amounts that may be too small to justify the expense of a separate lawsuit; aggregated, however, they make litigation financially feasible.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 6 of 13

30.     The proposed class meets the requirements for class certification under Rule 1.220(b)(3), Florida Rules of Civil Procedure, in that the questions of law and fact alleged by the Plaintiff and the claims of each member of the class, predominate over any questions of law or fact affecting only individual members of the class.

31.     Class representation is superior to other methods for the fair and efficient adjudication of this controversy because:

(i) The members of the class do not have any perceptible interest in individually controlling the prosecution of separate claims, since to do so would be prohibitively expensive and inefficient;

(ii) The Plaintiff is unaware of any pending litigation in this State to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated;

(iii) It is desirable to concentrate this litigation in the subject forum since to do so will prove cost-effective for the parties and efficient for the Courts and the actions taken by the Defendants; and

(iv) The members of the class are so numerous that separate joinder of each member of the class is impracticable.

32.     A class action provides a fair, efficient and superior method, if not the only method, for adjudicating this controversy.   The substantive claims of the members of the class are substantially the same and will require evidentiary proof of the same kind and application of the same law.

33.     The Plaintiff has retained counsel who are competent and experienced in class action litigation, and who have represented other consumers in complex class action litigation.  Counsel has

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 7 of 13

agreed to handle this case on a contingent basis, with its compensation for professional services to be awarded by the Court.

34.     The Plaintiff, as the Class Representative, will seek to identify all members of the class through such discovery procedures as may be appropriate and will provide the members of the class with such notice of this action as the Court may direct.

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order certifying this action as a Class Action under Rule 1.220, Florida Rules of Civil Procedure.

## IV. CAUSES OF ACTION

### COUNT I - VIOLATION OF SECTION 501.203, FLA. STAT.THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY ADULTERATING A LIQUOR IN VIOLATION OF SECTION 562.455, FLA. STAT.

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 34 as if fully set forth herein.

35.     Within the last four years from the date of filing of the instant action, Defendant BACARDI has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by adulterating its Bombay Sapphire® gin with Grains of Paradise, which is violative of Section 562.455, Fla. Stat., an unconscionable act, and thus a per se violation of Section 501.203(3)(c), Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 8 of 13

      36.      By violating Section 562.455, Fla. Stat., the harm to Plaintiff and to members of the

class outweighs the utility of the practices by the Defendant BACARDI and, consequently constitutes

an unfair or deceptive act or trade practice within the meaning of Section 501.203(3)(c), Fla. Stat.

      37.      As a direct and proximate result of the aforementioned acts by the Defendant

BACARDI, Defendant received and continues to hold monies belonging to the Plaintiff and the

members of the class who were induced into purchasing the Adulterated Liquor by the unfair or

deceptive act or trade practices exhibited by Defendant BACARDI.

      38.      Plaintiff has been damaged as result of the conduct of Defendant BACARDI.

      39.      Defendant BACARDI's violation of the FDUPTA was not a result of a bona fide

error.

      **WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests

that this Court enter an Order to restore to the Plaintiff and the members of the class all funds

acquired by the Defendant BACARDI by means of any act or practice declared by this Court to

violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such

other costs and further relief as the Court may deem proper and just.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 9 of 13

## COUNT II - VIOLATION OF SECTION 501.203, FLA. STAT.THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY SELLING AN ADULTERATED LIQUOR IN VIOLATION OF SECTION 562.455, FLA. STAT.

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 34 as if fully set forth herein.

40.     Within the last four years from the date of filing of the instant action, Defendant BACARDI and WINN-DIXIE have committed unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by selling an adulterated liquor, Bombay Sapphire® gin with Grains of Paradise, which is violative of Section 562.455, Fla. Stat., an unconscionable act, and thus a per se violation of Section 501.203(3)(c), Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act.

41.     By violating Section 562.455, Fla. Stat., the harm to Plaintiff and to members of the class outweighs the utility of the practices by the Defendant BACARDI and WINN-DIXIE and, consequently constitutes an unfair or deceptive act or trade practice within the meaning of Section 501.203(3)(c), Fla. Stat.

42.     As a direct and proximate result of the aforementioned acts by the Defendant BACARDI and WINN-DIXIE, Defendants received and continues to hold monies belonging to the Plaintiff and the members of the class who were induced into purchasing the Adulterated Liquor by the unfair or deceptive act or trade practices exhibited by Defendants.

43.     Plaintiff has suffered actual damages as result of the conduct of Defendant BACARDI and WINN-DIXIE.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 10 of 13

44.     Defendants BACARDI and WINN-DIXIE's violation of the FDUPTA was not a result of a bona fide error.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all funds acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice declared by this Court to violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

**COUNT III - VIOLATION OF SECTION 501.203, FLA. STAT. THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY SELLING AN ADULTERATED PRODUCT IN VIOLATION OF §500.004, FLA. STAT.**

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 34 as if fully set forth herein.

45.     Within the last four years from the date of filing of the instant action, Defendant BACARDI and WINN-DIXIE have committed unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by selling an adulterated liquor, Bombay Sapphire® gin with Grains of Paradise, which is violative of §500.04(1)-(3), Fla. Stat. which is a per se violation of §501.203(3)(c), Fla. Stat.

46.     By selling an adulterated product in violation of §562.455, Fla. Stat., and violating 500.04(1)-(3), Fla. Stat., such acts are unconscionable and consequently constitute an unfair or deceptive act or trade practice within the meaning of the FDUPTA.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 11 of 13

47.   The harm of stopping the violation of Florida law to the Plaintiff and to members of the class outweighs the utility of the practices by the Defendants.

48.   As a direct and proximate result of the aforementioned acts by the Defendants BACARDI and WINN-DIXIE received and continues to hold monies belonging to the Plaintiff and the members of the class who were induced into purchasing Bombay Sapphire® gin by the unfair or deceptive act or trade practices of the Defendants.

49.   Plaintiff has suffered actual damages as a result of Defendants BACARDI and WINN-DIXIE's conduct.

50.   Defendants BACARDI and WINN-DIXIE's violation of FDUPTA was not a result of bona fide error.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all funds acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice declared by this Court to violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 12 of 13

## COUNT IV - UNJUST ENRICHMENT

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1

through 34 as if fully set forth herein.

38.     Within the last four years from the date of filing of the instant action, the Plaintiff and

the members of the class have conferred benefits to the Defendants by purchasing Bombay

Sapphire® gin from Defendants.

39.     Defendants BACARDI and WINN-DIXIE acted with knowledge and appreciation of

the benefit conferred upon them by the Plaintiff and the members of the class, and took advantage of

such benefit while continuously violating § 500.004, Fla. Stat. and §562.455, Fla. Stat.

40.     It is inequitable for Defendants to retain this benefit without providing the full value

thereof to the Plaintiffs and the members of the class for selling an illegal product.

41.     As a direct and proximate result of the aforementioned acts by the Defendants,

Defendants has been unjustly enriched and Plaintiff and the members of the class who were induced

into purchasing Bombay Sapphire® gin and are entitled to a return of the value of the benefit

conferred upon Defendants as alleged herein.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests

that this Court enter an Order to restore to the Plaintiff and the members of the class all funds

acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice declared

by this Court to be in violation of Florida law, and to award damages and interest and for such other

costs and further relief as the Court may deem proper and just.

Marrache v. Bacardi, *and all others*
*CLASS ACTION COMPLAINT*
Page 13 of 13

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

*Attorneys for Plaintiff*

**RONIEL RODRIGUEZ IV, P.A.**
12555 Biscayne Blvd.
Suite 915
North Miami, Florida 33181
305-773-4875 Dade/Direct
954-769-0919 Broward
305-600-1254 Monroe

By: /s/ *Roniel Rodriguez*
    Roniel Rodriguez IV
    Florida Bar No. 522787
    Email: Ron@RJRfirm.com
    Primary: Service@RJRfirm.com
    Secondary: Pleadings@RJRfirm.com

**BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.**
150 West Flagler Street
Suite 1800
Miami Florida 33130
Telephone (305) 349-3930

By:   /s/ *Maury L. Udell*
    Maury L. Udell
    Florida Bar No. 121673
    Email: mudell@bmulaw.com
    Primary: notice66@bmulaw.com