# UNITED STATES DISTICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI-DIVISION

| | | |
|---|---|---|
| URI MARRACHE, individually and on behalf of all others similarly situated, | ) ) ) | **CASE NO. 2019-023856-RNS** |
| Plaintiff, | ) ) | **CLASS REPRESENTATION** |
| v. | ) ) | |
| BACARDI U.S.A., INC., a Delaware corporation d/b/a THE BOMBAY SPIRITS COMPANY U.S.A.; and WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, URI MARRACHE, ("**Plaintiff**"), individually and on behalf of all persons similarly situated, brings this action against the Defendant, BACARDI U.S.A., INC., a Delaware corporation d/b/a THE BOMBAY SPIRITS COMPANY U.S.A. ("**BACARDI**") and WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS (the "**WINN-DIXIE**") (collectively the "Defendants"), and alleges:

1.      This action is brought by the Plaintiff pursuant to Fla. R. Civ. P. 1.220, a citizen of the State of Florida, on behalf of all citizens of the State of Florida (the "Proposed Class Members") who are consumers of Bombay Sapphire® Gin (the "Adulterated Liquor") in the State of Florida.

2.      Subject matter jurisdiction is vested in this Miami-Dade Circuit Court in that the matter is civil and the amount in controversy is greater than $15,000.00, within the jurisdictional limits of this Court.

3.     Personal jurisdiction derives from the fact that the Defendants conduct business within the State of Florida.

4.     Venue is proper in Miami-Dade County as the actions giving rise to these claims occurred in Miami-Dade County, Florida.

5.     All conditions precedent to this action have been performed or have occurred.

## I. THE NAMED PARTIES

6.     Plaintiff, Uri Marrache is a citizen of the State of Florida residing in Miami-Dade County, Florida, who purchased the Adulterated Liquor in Florida within the last four years.

7.     BACARDI U.S.A., INC. d/b/a THE BOMBAY SPIRITS COMPANY U.S.A., is a Delaware corporation, with its principal place of business and headquarters located in Miami-Dade County, Florida. Additionally, Bacardi's:

   a.    executive offices are located in Miami-Dade County, Florida;

   b.   corporate public relations offices are located in Miami-Dade County, Florida;

   c.   corporate marketing offices are located in Miami-Dade County, Florida;

   d.   corporate graphic design offices are located in Miami-Dade County, Florida; and

   e.   corporate product development teams are all based in Miami-Dade County, Florida.

8.     Other than being incorporated in the State of Delaware, Bacardi's "nerve center" is located in Miami-Dade County, Florida.

9.      WINN-DIXIE SUPERMARKETS, INC. d/b/a WINN DIXIE LIQUORS,  is a Florida corporation who with actual knowledge of the contents  of the Adulterated Liquor, sold the Adulterated Liquor to the Plaintiff in Florida, and other unsuspecting Proposed Class Members, throughout the State of Florida.

## II. FACTUAL ALLEGATIONS

10.      Plaintiff is a citizen of the state of Florida and a consumer as defined by Section 501.203, Fla. Stat.

11.      Defendants, BACARDI and WINN-DIXIE, were at all times engaged in trade or commerce in Florida as defined under Section 501.203, Fla. Stat., and are otherwise not exempt.

12.      Defendants are not otherwise exempt under Section 501.212, Fla. Stat.

13.      The Adulterated Liquor is a liquor as defined by Section, 565.01, Fla Stat.

14.      Defendant BACARDI is the producer of the Adulterated Liquor, which is its world famous Bombay Sapphire® Gin.  According to the gin's marketing and labelling, "every drop contains 10 hand-selected botanicals from exotic location around the world."

15.      Indeed, one of the  ten (10) hand-selected botanicals, prominently etched on each of its distinctive blue bottles, is Grains of Paradise.

16.      Every drop of Bacardi's Bombay Sapphire® Gin contains Grains of Paradise.

17.      Grains of Paradise, whose binomial name is *Aframomum melegueta*, is an herbaceous perennial plant native to swampy habitats along the West African coast.

18.     When consumed, Grains of Paradise have been known for their warming and digestive properties.

19.     Additionally, Grains of Paradise has been used in other parts of the world for medicinal purposes including, without limitation, to treat impotence and to stimulate miscarriages when a pregnancy was unwanted.

20.     Not surprisingly, adulterating alcohol with grains of paradise is illegal in Florida.

21.     Specifically, Section 562.455, Florida Statute, provides:

> **562.455   Adulterating   liquor;   penalty.**—Whoever adulterates, for the purpose of sale, any liquor, used or intended for drink, with cocculus indicus, vitriol, grains of paradise, opium, alum, capsicum, copperas, laurel water, logwood, brazil wood, cochineal, sugar of lead, or any other substance which is poisonous or injurious to health, and whoever knowingly sells any liquor so adulterated, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s.775.083, or s. 775.084.

22.     The provisions of Section 562.455, Fla. Stat. have not changed during the relevant period alleged herein, and are further emboldened by Section 2 of the Twenty-First Amendment to the United States Constitution, which provides that: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, **in violation of the laws thereof,** is hereby prohibited."

23.     Notwithstanding, and in direct contravention with Section 562.455, Fla. Stat., Bacardi "adulterates, for the purpose of sale, [Bombay Sapphire® gin], used or intended for drink with … Grains of Paradise…."

24.     Winn-Dixie knowingly sold the Adulterated Liquor to the Plaintiff in Florida, and to other Proposed Class Members in Florida.  By virtue of the bottle in which the Adulterated Liquor is produced and distributed by BACARDI and sold by WINN-DIXIE, WINN-DIXIE had a full understanding and knowledge of the ingredients of the Adulterated Liquor which included grains of paradise, in violation of Section 562.455, Fla. Stat. and Section 500.04(1)-(3) Florida Stat.

25.     Plaintiff and other Proposed class members purchased and consumed the Adulterated Liquor in Florida.  As a result of the foregoing, the Plaintiff and other Proposed Class Members, have been damaged.

### III. CLASS REPRESENTATION ALLEGATIONS

26.     Pursuant to the provisions of Rule 1.220(c), Florida Rules of Civil Procedure, Plaintiff alleges the following:

27.     The prosecution of individual remedies by the Proposed Class Members would tend to establish inconsistent standards of conduct for the Defendants, and result in the impairment of Proposed Class Members' rights and the disposition of their interests through actions to which they were not parties.

28.     There is no plain, speedy or adequate remedy other than by the maintenance of this class action since, Plaintiff is informed and believes, the damage to each of the Proposed Class Members is relatively small in that the individual purchase price of the Adulterated Liquor is generally less than $40.00, making it economically unfeasible to pursue remedies other than by

means of a class action.  Consequently, because of the small amount of funds involved with each

individual member of the class, class representation is the only viable approach to resolving the

issues presented.

29.     Common questions of law and fact affect the rights of each of the Proposed Class

Members and common relief by way of damages is sought for the members of the class.

30.     Common issues of fact and law include:

**I.**      **Whether the adulteration by the Defendant BACARDI of Bombay Sapphire® Gin for Sale in violation of Section 562.455, Florida Statute, is a per se violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"),**

**II.**     **Whether the adulteration by the Defendant BACARDI of Bombay Sapphire® Gin for Sale in violation of Section 562.455, Florida Statute, is a violation of FDUTPA;**

**III.**    **Whether the sale of adulterated Bombay Sapphire® Gin by Defendants, in violation of Section 562.455, Florida Statute, is a per se violation of FDUTPA;**

**IV.**     **Whether the sale of adulterated Bombay Sapphire® Gin by Defendants, in violation of Section 562.455, Florida Statute, is a violation of FDUTPA;**

**V.**      **Whether the sale of the adulterated Bombay Sapphire® Gin by Defendants is a violation of Section 500.04(1)-(3) Florida Statute, and thus a per se violation of FDUTPA;**

**VI.**     **Whether the sale of the adulterated Bombay Sapphire® Gin by Defendants is a violation of Section 500.04(1)-(3) Florida Statute is a violation of FDUTPA;**

Marrache v. Bacardi, _and all others_
_AMENDED CLASS ACTION COMPLAINT_
Page 7 of 18

       **VII.    Whether Defendants have been unjustly enriched by the sale of the adulterated Bombay Sapphire® Gin which violates Florida law.**

31.    Plaintiff will fairly and adequately represent the interests of each of the Proposed Class Members, because Plaintiff has no interests that are antagonistic to the claims of the members of the class; and the Plaintiff will vigorously pursue the claims that he asserts on behalf of the members of the class.

32.    The exact number of the Proposed Class Members is not known to the Plaintiff, but can be determined from records maintained by the Defendants.  Plaintiff believes that there are hundreds of thousands Proposed Class Members. It is believed that most class members are unaware that they have claims.  Whether or not they are aware, however, their claims have damages in amounts that may be too small to justify the expense of a separate lawsuit; aggregated, however, they make litigation financially feasible.

33.    The proposed class meets the requirements for class certification under Rule 1.220(b)(3), Florida Rules of Civil Procedure, in that the questions of law and fact alleged by the Plaintiff and the claims of each of the Proposed Class Members, predominate over any questions of law or fact affecting only individual members of the class.

34.    Class representation is superior to other methods for the fair and efficient adjudication of this controversy because:

(i) The members of the class do not have any perceptible interest in individually controlling the prosecution of separate claims, since to do so would be prohibitively expensive and inefficient;

(ii)  The Plaintiff is unaware of any pending litigation in this State to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated;

(iii)  It is desirable to concentrate this litigation in the subject forum since to do so will prove cost-effective for the parties and efficient for the Courts and the actions taken by the Defendants; and

(iv) The Proposed Class Members are so numerous that separate joinder of each member of the class is impracticable.

35.     A class action provides a fair, efficient and superior method, if not the only method, for adjudicating this controversy.   The substantive claims of the Proposed Class Members are substantially the same and will require evidentiary proof of the same kind and application of the same law.

36.     The Plaintiff has retained counsel who are competent and experienced in class action litigation, and who have represented other consumers in complex class action litigation. Counsel has agreed to handle this case on a contingent basis, with its compensation for professional services to be awarded by the Court.

37.     The Plaintiff, as the Class Representative, will seek to identify all members of the class through such discovery procedures as may be appropriate and will provide the members of the class with such notice of this action as the Court may direct.

WHEREFORE, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order certifying this action as a Class Action under Rule 1.220, Florida Rules of Civil Procedure.

## IV. CAUSES OF ACTION

### COUNT I - VIOLATION OF SECTION 501.211(2), FLA. STAT.THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY ADULTERATING A LIQUOR IN VIOLATION OF SECTION 562.455, FLA. STAT.

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 37 as if fully set forth herein.

38.     Within the last four years from the date of filing of the instant action, Defendant BACARDI has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by adulterating its Bombay Sapphire® gin with Grains of Paradise, which is violative of Section 562.455, Fla. Stat., an unconscionable act as defined by Section 501.203(3)(c), Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act.  Plaintiff brings this cause of action pursuant to Section 501.211(2), Fla. Stat.

39.     By violating Section 562.455, Fla. Stat., the harm to Plaintiff and to the Proposed Class Members outweighs the utility of the practices by the Defendant BACARDI and, consequently constitutes an unfair or deceptive act or trade practice within the meaning of Section 501.203(3)(c), Fla. Stat.

40.     As a direct and proximate result of the aforementioned acts by the Defendant BACARDI, Defendant received and continues to hold monies belonging to the Plaintiff and the Proposed Class Members who were induced into purchasing the Adulterated Liquor by the unfair or deceptive act or trade practices exhibited by Defendant BACARDI.

41.     Plaintiff and Members of the Class have been damaged as result of the conduct of Defendant BACARDI, when they purchased Bombay Sapphire® gin adulterated with *grains of paradise,* which violates Florida law.

42.     Defendant BACARDI's violation of the FDUPTA was not a result of a bona fide error.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all funds acquired by the Defendant BACARDI by means of any act or practice declared by this Court to violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

## COUNT II - VIOLATION OF SECTION 501.211(2), FLA. STAT.THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY SELLING AN ADULTERATED LIQUOR IN VIOLATION OF SECTION 562.455, FLA. STAT.

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 37 as if fully set forth herein.

43.     Within the last four years from the date of filing of the instant action, Defendants BACARDI and WINN-DIXIE have committed unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by selling an adulterated liquor, Bombay Sapphire® gin with Grains of Paradise, which is violative of Section 562.455, Fla. Stat., an unconscionable act as defined by Section 501.203(3)(c), Fla. Stat., the Florida Deceptive and

Unfair Trade Practices Act.  Plaintiff brings this cause of action pursuant to Section 501.211(2), Fla. Stat.

44.     By violating Section 562.455, Fla. Stat., the harm to Plaintiff and to members of the class outweighs the utility of the practices by the Defendant BACARDI and WINN-DIXIE for violating Florida law and, consequently constitutes an unfair, unconscionable act or deceptive trade practice within the meaning of Section 501.203(3)(c), Fla. Stat.

45.     As a direct and proximate result of the aforementioned acts by the Defendant BACARDI and WINN-DIXIE, Defendants received and continues to hold monies belonging to the Plaintiff and the members of the class who were induced into purchasing the Adulterated Liquor by the unfair or deceptive act or trade practices exhibited by Defendants which violated Florida law.

46.     Plaintiff and Members of the Class have been damaged as result of the conduct of Defendant BACARDI and WINN-DIXIE, when they purchased Bombay Sapphire® gin adulterated with *grains of paradise* which violates Florida law.

47.     Plaintiff and members of the Proposed Class have suffered actual damages as a result of Defendants BACARDI and WINN-DIXIE's conduct by the purchase of an illegal product which is worthless.

48.     Defendants BACARDI and WINN-DIXIE's violation of the FDUPTA was not a result of a bona fide error.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all funds acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice declared by this Court to violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

<u>**COUNT III - VIOLATION OF SECTION 501.211(2) FLA. STAT. THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT BY SELLING AN ADULTERATED PRODUCT IN VIOLATION OF SECTION 500.004, FLA. STAT.**</u>

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 37 as if fully set forth herein.

49.     Within the last four years from the date of filing of the instant action, Defendant BACARDI and WINN-DIXIE have with actual knowledge of the contents of the Adulterated Liquor, knowingly committed unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by selling the  adulterated liquor which is violative of  Section 500.04(1)-(3), Fla. Stat. an unconscionable act as defined by Section 501.203(3)(c), Fla. Stat., Plaintiff brings this cause of action pursuant to Section 501.211(2), Fla. Stat.

50.     By knowingly selling an adulterated product in violation of Section 562.455, Fla. Stat., and violating Section 500.04(1)-(3), Fla. Stat., such acts are unconscionable and consequently constitute an unfair or deceptive act or trade practice within the meaning of the FDUPTA.

51.     The harm of stopping the violation of Florida law to the Plaintiff and to members of the class outweighs the utility of the practices by the Defendants.

52.     As a direct and proximate result of the aforementioned acts by the Defendants BACARDI and WINN-DIXIE received and continues to hold monies belonging to the Plaintiff and the members of the class who were induced into purchasing Bombay Sapphire® gin by the unfair or deceptive act or trade practices of the Defendants.

53.     Plaintiff and Members of the Class have been damaged as result of the conduct of Defendant BACARDI and WINN-DIXIE, when they purchased Bombay Sapphire® gin adulterated with *grains of paradise* which violates Florida law.

54.     Plaintiff and members of the Proposed Class have suffered actual damages as a result of Defendants BACARDI and WINN-DIXIE's conduct by the purchase of an illegal product which is worthless.

55.     Defendants BACARDI and WINN-DIXIE's violation of FDUPTA was not a result of bona fide error.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all funds acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice declared by this Court to violate the FDUPTA, plus interest, for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

## COUNT IV – DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO SECTION 501.211(1), FLA. STAT.

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 37 as if fully set forth herein.

56.     Under the FDUTPA, without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate Florida law.  See Sec. 501.211(1), Fla. Stat.

57.     Furthermore, any person aggrieved by a violation of FDUTPA  may bring an action for declaratory and injunctive relief.  Plaintiff and members of the Proposed class are aggrieved consumers of Florida as result of Defendants knowing and flagrant violation of Florida law and sale of an illegal product to them.

58.     Pursuant to Defendants BACARDI and WINN-DIXIE's above described acts or practices of (1) adulterating Bombay Sapphire Gin with "*grains of paradise*" in violation of Sec. 562.455, Fla. Stat.; (2) knowingly selling an adulterated liquor in in violation of Sec. 562.455 and 500.04(1)-(3), Fla. Stat., Defendant violated the FDUTPA, Defendants are knowingly violating Florida law.

59.     Plaintiff and members of the Proposed class seeks a declaratory judgment that Defendants' acts or practices have violated Florida law and seek an injunction to prevent further violations.

60.    Plaintiff seeks to determine whether the FDUTPA prohibits Defendants from continuing to violate Sec. 562.422, Fla. Stat. and Sec 500.04(1)-(3), Fla. Stat. which is likely to occur in the future and halt the sale of the adulterated liquor in Florida until such time and Defendants remove the violative ingredient for the product.

61.    There is a bona fide dispute between the parties.

62.    Plaintiff and the members of the Proposed Class have a justiciable question as to the existence or non-existence of some right, status, immunity, power, or privilege, or some fact upon which their claim may depend.

63.    Plaintiff and the members of the Proposed Class are in doubt as to the right of Defendants to continue to violate Sec. 562.422, Fla. Stat. and Sec 500.04(1)-(3), Fla. Stat.

64.    Plaintiff and the members of the Proposed Class have no adequate remedy at law.

65.    Plaintiff has retained the undersigned to represent it in this action and pay a reasonable fee for said legal services.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter a declaratory judgment that Defendants BACARDI and WINN-DIXIE by means of any act or practice declared by this Court to violate Florida law and in turn the FDUTPA, and to further enjoin Defendants from further violating Florida law and the FDUTPA, and for a statutory award of attorneys' fees and costs, and for such other costs and further relief as the Court may deem proper and just.

## COUNT V – UNJUST ENRICHMENT

Plaintiff repeats, realleges and incorporates the allegations as set forth in paragraphs 1 through 37 as if fully set forth herein.

66.     Within the last four years from the date of filing of the instant action, the Plaintiff and the members of the class have conferred direct benefits to the Defendants by purchasing Bombay Sapphire® gin from Defendants at WINN-DIXIE.  The Defendants appreciated that benefit conferred on it by Plaintiff and members of the claim by virtue of its retention of the money paid for the Bombay Sapphire® gin.

67.      It is inequitable for Defendants to retain the benefit as Plaintiff did not receive what it bargained for: to wit a product which did not violate Sec. 562.455, Fla. Stat. and/or 500.04(1)-(3), Fla. Stat.

68.     It is inequitable for Defendants to retain these benefits without providing the full value thereof to the Plaintiff and the members of the class for selling an illegal product.

69.     As a direct and proximate result of the aforementioned acts by the Defendants, Defendants have been unjustly enriched and Plaintiff and the members of the class who were induced into purchasing Bombay Sapphire® gin and are entitled to a return of the value of the benefit conferred upon Defendants as alleged herein.

70.     Plaintiff and members of the Proposed Class have been damaged.

**WHEREFORE**, the Plaintiff, on behalf of himself and all others similarly situated, requests that this Court enter an Order to restore to the Plaintiff and the members of the class all

Marrache v. Bacardi, *and all others*
*AMENDED CLASS ACTION COMPLAINT*
Page 17 of 18

funds acquired by the Defendants BACARDI and WINN-DIXIE by means of any act or practice

declared by this Court to be in violation of Florida law, and to award damages and interest and for

such other costs and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

### *Attorneys for Plaintiff*

**RONIEL RODRIGUEZ IV, P.A.**
12555 Biscayne Blvd.
Suite 915
North Miami, Florida 33181
305-773-4875 Dade/Direct
954-769-0919 Broward
305-600-1254 Monroe

By: /s/ *Roniel Rodriguez*
    Roniel Rodriguez IV
    Florida Bar No. 522787
    Email: Ron@RJRfirm.com
    Primary: Service@RJRfirm.com
    Secondary: Pleadings@RJRfirm.com

**BEIGHLEY, MYRICK, UDELL &
LYNNE, P.A.**
150 West Flagler Street
Suite 1800
Miami Florida 33130
Telephone (305) 349-3930

By:    /s/ *Maury L. Udell*
    Maury L. Udell
    Florida Bar No. 121673
    Email: mudell@bmulaw.com
    Primary: notice66@bmulaw.com

Marrache v. Bacardi, *and all others*
*AMENDED CLASS ACTION COMPLAINT*
Page 18 of 18

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on October 14th, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and served on Marty Steinberg, Esq.marty.steinberg@hoganlovells.com; David Massey, Esq., david.massey@hoganlovells.com

*Attorneys for Plaintiff*

| | |
|---|---|
| **RONIEL RODRIGUEZ IV, P.A.** | **BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.** |
| 12555 Biscayne Blvd. | 150 West Flagler Street |
| Suite 915 | Suite 1800 |
| North Miami, Florida 33181 | Miami Florida 33130 |
| 305-773-4875 Dade/Direct | Telephone (305) 349-3930 |
| 954-769-0919 Broward | |
| 305-600-1254 Monroe | |
| | |
| By: /s/ *Roniel Rodriguez* | By:   /s/ *Maury L. Udell* |
| Roniel Rodriguez IV | Maury L. Udell |
| Florida Bar No. 522787 | Florida Bar No. 121673 |
| Email: Ron@RJRfirm.com | Email: mudell@bmulaw.com |
| Primary: Service@RJRfirm.com | Primary: notice66@bmulaw.com |
| Secondary: Pleadings@RJRfirm.com | |