**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

URI MARACCHE, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

BACARDI U.S.A., a Delaware Corporation, d/b/a THE BOMBAY SPIRITS COMPANY U.S.A; and WINN-DIXIE SUPERMARKETS, INC. d/b/a/ WINN-DIXIE LIQUORS, a Florida Corporation

      Defendants.
_____/

CASE NO.:  2019-023856-RNS

**CLASS REPRESENTATION**

## PLAINTIFF'S MOTION TO REMAND CASE TO MIAMI-DADE CIRCUIT COURT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, by and through undersigned counsel, pursuant to 28 U.S.C. §§1332(d)(4)(A), (B), and 28 U.S.C. § 1332(d)(3), hereby moves this Court to enter an Order for Remand to the Miami-Dade Circuit Court.  In support of the Motion, Plaintiff states as follows:

**I.**     **INTRODUCTION**

Pursuant to the Notice of Removal [D.E. 1], the sole basis of federal jurisdiction asserted by Defendants BACARDI and WINN-DIXIE is diversity jurisdiction under the Class Action Fairness Act of 2005 (hereinafter "CAFA").  Plaintiff stipulates that the amount in controversy exceeds $5 Million dollars and that the CAFA applies to this case.

On October 4, 2019, Defendants filed a joint motion to dismiss with prejudice pursuant to Fed R. Civ. P. 12(b)(6), See [D.E. 10].  Plaintiff filed his amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) as was his right.  See [D.E. 13].  While Plaintiff is aware of the case law which

stands for the proposition that a plaintiff may generally not amend its complaint to avoid removal, a party certainly can amend its complaint to allege the necessary elements to establish exceptions to removal, especially when the Plaintiff did not have a chance to amend his pleading in state court and further has the undisputed right to timely amended pursuant to Fed. R. Civ. P. 15(a)(1)(B). Federal courts have routinely allowed plaintiffs to be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA. *See Benko v. Quality Loan Service Corp.,* 789 F.3d 1111 (9th Cir. 2015)(holding that by allowing the amendment of a state court filed complaint early in the litigation, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA or if the exception applies).

Under the plain language of the CAFA, the "home state" controversy and the "local controversy" exceptions to this Court's jurisdiction apply to this case and therefore this case must be remanded to Miami-Dade Circuit Court. Federal courts are to construe removal statutes strictly. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F. 3d 1368, 1373 (11th Cir. 1998). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3 d 1290, 1294 (11th Cir. 2008) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).  While the Plaintiff bears the burden of showing that at least one exception applies pursuant to  28 U.S.C. §§1332(d)(4)(A), (B), the district court may not, however, exercise the CAFA jurisdiction it has if either the local controversy exception or the home state exception are established by a preponderance of the evidence.  *See Hunter v. City of Montgomery, Alabama,* 859 F. 3d 1329, 1334 (11th Cir. 2017). At a minimum, even if the Court believes Plaintiff has not

met his evidentiary burden, the Court has discretion to remand the case back to state court under the totality of circumstances exception in 28 U.S.C. § 1332(d)(3).

## II.    BACKGROUND

This is a Florida dispute involving Florida parties and Florida law. It is difficult to conceive of a more "local" dispute under applicable law then this case which involves the application of Florida law to Florida plaintiffs and defendants. It is undisputed that Plaintiff has alleged only Florida statutory and common law claims against Florida defendants. Moreover, the state courts of Florida are the proper venue in determining the application of the laws its legislature passed regarding the use of intoxicating liquors. The Twenty-First Amendment to the United States Constitution ***allows the States*** to maintain an effective and uniform system for controlling liquor by regulating its transportation, importation, and use. *Granholm v. Heald,* 544 U.S. 460, 484, 125 S. Ct. 1885, 1902, 161, L. Ed. 2d 795 (2005)(emphasis added).

It is undisputed that 100% percent of the wrongdoing at issue alleged in the amended complaint occurred in Florida against Florida citizens exclusively by Florida defendants. All class members, by definition, are citizens of the State of Florida, and all were Florida residents at the time of the wrongdoing by Florida defendants. Specifically, WINN-DIXIE admits to Florida citizenship and BACARDI has admitted that its principal place of business is in Florida and hence, is a Florida citizen under federal law.

While BACARDI also admits its principal place of business is in Miami, Florida in the Notice of Removal [D.E. 1], BACARDI curiously refused to stipulate that it is a Florida citizen for purposes of diversity and Plaintiff's attempt to remand. See Composite Exhibit "A". An honest review of BACARDI's business operations indicate that its "nerve center" of operations are in Coral Gables, Florida, pursuant to *Hertz Corp v. Friend*, 559 U.S. 77, 78 (2010).

BACARDI's 2019 annual report reflects that all high-level executives are located in Coral Gables, Florida and the corporate offices are in Coral Gables, Florida. See attached Exhibit "B". Moreover, BACARDI itself has taken the position in other federal district courts that Florida is the proper venue for disputes against it involving Lanham Act claims. See Composite Exhibit "C". Specifically, in case No.16-cv-06411, *Lodestar Anstalt v. Bacardi U.S.A, Inc. et. al,* filed in the Federal District Court of the Central District of California, Western Division, in an attempt to transfer the case to Florida, BACARDI stated as follows:

> "the Southern District of Florida could exercise personal jurisdiction over Bacardi because Bacardi U.S.A.'s principal place of business in the U.S. is Miami, Florida. *See Daimler AG v. Bauman*, — U.S. —, —, 134 S.Ct. 746, 772 (2014) (stating "a State can exercise general jurisdiction where a corporate defendant has its corporate headquarters, and hence its principal place of business within the State.")."

See page 5 of BACARDI's Motions to Transfer Venue to Southern District of Florida filed in Case No.16-cv-06411, *Lodestar Anstalt v. Bacardi U.S.A, Inc. et. al,* filed in the Federal District Court of the Central District of California, Western Division, *See also* Case No. 06-cv-00505, *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, filed in the Federal District Court of Delaware. Therefore, after a review of the filed motions and sworn testimony requesting transfer to Florida's jurisdiction and advising those courts that BACARDI's principle place of business is Florida, there can be no question that both defendants in this action are Florida citizens for purposes of federal diversity. With these facts crystallized and virtually indisputable, based on the following exceptions to CAFA, the Court must GRANT the motion to remand to Miami-Dade Circuit Court.

III. **THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION PURSUANT TO THE 'HOME STATE' CONTROVERSY EXCEPTION**

The "home state controversy" exception requires federal courts to decline to exercise jurisdiction where two-thirds or more of the members of all proposed plaintiff classes in the

aggregate and the primary defendants are citizens of the state where the class action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B). Under the "home state" controversy to CAFA, federal courts must decline jurisdiction over putative class actions which meet the two elements of the exception. As to the evidence, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). The first element of the home-state controversy exception requires that two-thirds or more of the members of the proposed plaintiff class be citizens of the state where this action was originally filed. The second element requires that the primary defendants be citizens of the state where the action was originally filed.

    **A. Greater than Two-Thirds of the Members of the Proposed Class are Citizens of Florida.**

Under the home-state controversy exception, the Plaintiff must demonstrate that it is more likely than not that greater than sixty-six and six tenths percent (66.66%) of the total members of the proposed class were citizens of Florida at the time the complaint was filed. Citizenship of an individual for diversity purposes is "equivalent to domicile". *Hendry v. Masonite Corp.*, 455 F. 2d 955, 955 (5th Cir. 1972). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom…'" *Mas v. Perry*, 489 F. 2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842 (1974)(quoting *Stine v. Moore*, 213 F. 2d 446, 448 (5th Cir. 1954)).

    **1. All proposed class members are Florida Citizens**

After filing the amended complaint to the proposed class, Plaintiff has specifically defined the class in the amended complaint [D.E. 13] as "[A]ll citizens of the State of Florida who are consumers of Bombay Sapphire® Gin in the State of Florida." Thus, every member of the proposed class can only be a Florida citizen for the past four years for purposes of diversity as the

class is defined and only is comprised of Florida citizens who purchased Bombay Sapphire® Gin in Florida.  See paragraph 2 of [D.E. 13].

Additionally, the language of the amended complaint states that "Uri Maracche is citizen of Miami Dade County, Florida" and that the complaint is being filed on "behalf of all other **similarly-situated** persons." See [D.E. 13].  The Merriam-Webster dictionary defines the adjective "situated" as "having a site, situation, or location: LOCATED." Therefore, it follows that the language of the complaint only targets proposed class members who are citizens who reside in Florida. Based on the discrete and limited nature of the class definition and basic logic more than two-thirds of the proposed class are citizens of the State of Florida *since they all are citizens of Florida.*

### 2. An Overwhelming Majority of the Class Members Intend to Remain in Florida.

Over Defendants' objection, Plaintiff relies on United States Census data to support his position that remand is required.  *See* Plaintiff's Motion for Judicial Notice, [D.E. 14].  Courts have routinely approved the use of census data to support opinions about population size, racial distribution in a population, the numbers of owner-occupied homes in a community, and the percentages of various races living in certain price ranges or types of housing. See e.g. *J & V Dev., Inc. v. Athens-Clarke* County, 387 F. Supp. 2d 1214, 1229 (M.D. Ga. 2005)

Courts routinely take judicial notice of government-compiled statistics and official reports and publications of agencies of the United States. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 n.5 (9 Cir. 2010) "[W]e take judicial notice of the fact that while nearly 281,000 aliens were th removed from the United States pursuant to final orders of removal in 2006, see U.S. Dep't of Homeland Sec., Office of Immigration Statistics, *Yearbook of Immigration Statistics* 95 (2008), available at http://www.dhs.gov/xlibrary/assets/statistics/yearbook/2008/ois_yb_2008.pdf; *Corrie*

*v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9 Cir. 2007) (taking judicial notice of the Defense Security Cooperation th Agency's guidelines for implementing the Foreign Military Financing program, and citing *Tampa Elec. Co v. Nashville Coal Co.*, 365 U.S. 320, 332 & n.10 (1961) for the proposition that a court may take judicial notice of a government publication); *United States v. Esquivel*, 88 F.3d 722, 726-27 (9 Cir. th 1996) (taking judicial notice under Fed. R. Evid. 201 of 1990 census data and stating that the census data "are not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Trundle v. Astrue*, 2010 WL 5421418, at * 11 n.10 (E.D. Cal. 2010) ("The United States Department of Labor, Bureau of Labor Statistics, is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken [of] website of the government agency."); *Seely v. Cumberland Packing Corp.*, 2010 WL 5300923, at *7 n.5 (N.D. Cal. 2010) ("The Court takes judicial notice of the statistics published by the Administrative Office of the Courts (available at http://www.uscourts.gov/statistics.aspx). Because these statistics are an official report of the United States government, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citing Fed. R. Evid. 201(b)); *Victoria Cruises v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 263 n.3 (E.D.N.Y. 2008) ("The Court can take judicial notice of government statistics.");

The United States Census Bureau data from the 2017 American Community Survey, attached as Exhibit 1 to Plaintiff's Motion for Judicial Notice of Census Data [D.E. 15], shows that only 2.68% of Floridians moved to another State in 2017. This number is calculated as follows:

- According to the 2017 American Community Survey, the State of Florida had a total population of 20,772,371 persons.

- Looking at the State to State Migration Table for 2017, state

> by state, at how many people had a different state residence in 2016 and which state they came from.
>
> ● By looking at the number of Floridians who lived in Florida in 2016 and moved to each state in 2017, the total sum of Floridians who left the state in 2017 is 557,087.

This number is 557,087. Divided by 20,772,371, the total number of Floridians, we know that 2.68% of Floridians left the state in 2017. Hence, assuming that every citizen of Florida is consumer of Bombay Sapphire Gin, over 2/3 of said consumers are citizens of Florida. Thus, it is not a quantum leap in logic to conclude that the supermajority of the proposed class members are citizens that still live in Florida and are Florida citizens.

Nevertheless, based on the underlying census data on population movement, logic dictates that in the past four years from the date of filing of the instant action an overwhelming majority of class members are Florida citizens, by their definition alone. The language of the amended complaint specifically identifies those who are citizens of Florida and who are similarly situated to Uri Maracche. Hence, the discrete language of the amended complaint ensures that at least two-thirds of the proposed class members are citizens of Florida. Additionally, the migration patterns of Florida, as mentioned, strongly suggest that most of the proposed class members who lived in Florida during the relevant time period still do.

### B. BACARDI and WINN-DIXIE are both 'Primary Defendants'

Defendants BACARDI and WINN-DIXIE are both "Significant Defendant[s]" and citizens of Florida. A "significant defendant" is one from whom "significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. §§ 1332(d)(4)(II)(aa) and (bb). "Primary Defendants" means those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously

liable (see *Copper Sands Homeowners Ass'n v. Copper Sands Realty*, LLC, No. 10-cv-00510, 2011 WL 941079, at *3 (D. Nev. Mar. 16, 2011); Both WINN-DIXIE and BACARDI identify their principal place of business as Florida. See [D.E. 1]. The phrase "principal place of business" in § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp v. Friend*, 559 U.S. 77, 78 (2010). Under the "nerve center" test established in *Hertz Corp v. Friend,* a corporation is a citizen of the state in which it has its principal place of business. *Id.*

There is no dispute that Defendant BACARDI is a citizen of the State of Florida by its own admission: "BUSA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Miami, Florida." See [D.E. 1] Additionally, BACARDI's 2019 Foreign Profit Corporation Annual Report filed with the Florida Department of State, provides that the following Officers and Directors as operating out of 2701 LeJeune Road, Coral Gables, FL 33134:

> President, Peter J. Carr
> Secretary, Martin Voke
> Treasurer, Albert Vila Tarres
> Vice President, Ryan Bibbo
> Assistant Secretary, Dania Blandon-Hernandez

See attached Exhibit "B".

Additionally, Defendant Bacardi cannot dispute that its:

    a. executive officers are located in Miami-Dade County, Florida;

    b. corporate public relations offices are located in Miami-Dade County Florida;

    c. corporate marketing offices are located in Miami-Dade County, Florida;

    d. corporate graphic design officers are located in Miami-Dade County, Florida; and

    e.   corporate product development teams area all based in Miami-Dade County, Florida.

Similarly, there is also no dispute that Defendant Winn-Dixie is a citizen of Florida by its own admission, "Winn-Dixie is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida."

Since both Defendants are Florida citizens for federal diversity purposes, and based on the allegations of the amended complaint all the injuries were directly and proximately caused by the actions of each defendant in the State of Florida, the proposed members of the class are citizens of Florida,  and the Bombay Sapphire® Gin at issue was sold in Florida and consumed in Florida, WINN-DIXIE and BACARDI are citizens of Florida and "primary defendants" based on the plain and ordinary language of the exception to CAFA the statute.  Therefore, there is no dispute that by a preponderance of the evidence that Plaintiff has provided sufficient proof of the "home state" exception in 28 U.S.C. § 1332(d)(4)(B) requiring remand to Miami-Dade Circuit Court.

## IV. THE COURT MUST DECLINE JURISDICTION PURSUANT TO THE 'LOCAL CONTROVERSY' EXCEPTION

Notwithstanding the fact that Plaintiff has met its burden under the home state exception to CAFA, the "local controversy" exception found in 28 U.S.C. § 1332(d)(4)(A), applies and this Court must decline jurisdiction over putative class actions which meets the four (4) elements of the exception. The Eleventh Circuit has declared that the burden of establishing the applicability of the local controversy exception to CAFA by a preponderance of the evidence lies with the party attempting to invoke it. *Evans v. Walter Industries*, *Inc*., 449 F. 3d 1159, 1165 (11th Cir. 2006).

As to the evidence, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). Further, removal statutes are to be strictly and narrowly construed, with all uncertainties resolved in favor of remand. *Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). This principle of construction applies to CAFA removals as fully as it does to all others. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006).

The first element of the local controversy exception requires that greater than two-thirds of the proposed members of the class be citizens of the state in which the action was originally filed. The second element requires that at least one defendant be a "significant defendant" and a citizen of the state in which the action was originally filed. The "significant defendant" test has two prongs. First, the defendant must be one from whom "significant relief" is sought. Second, the alleged conduct of the defendant must form a "significant basis" for the claims asserted by the proposed class. The third element requires that the principal injuries resulting from the alleged conduct or any related conduct of each defendant must have been incurred in the state in which the action was originally filed. Lastly, the fourth element requires that during the three-year period preceding the filing of the action no other class action was filed asserting the same or similar factual allegations against any of the defendants by anyone. See 28 U.S.C. § 1332(d)(4).

### A. Greater than Two-Thirds of the Members of the Proposed Class are Citizens of Florida.

As referenced earlier in *Section III* of this motion, which Plaintiff adopts and re-alleges herein, based on the class definition and previously submitted Census data, greater than two-thirds of the members of the proposed class are citizens of Florida and thus Plaintiff has provided reasonably proof to support the application of this local controversy exception to CAFA.

### B. Both Defendant BACARDI's and WINN-DIXIE's Cnduct Form a "Significant Basis" for the Proposed Class Action Claim.

A defendant's "alleged conduct" forms a "significant basis" for plaintiff's claim whenever that defendant's alleged conduct played a "significant role" in the conduct giving rise to the

plaintiff's claims. *Evans*, 449 F. 3d at 1167. First, the amended complaint alleges that Defendants BACARDI and WINN-DIXIE substantially engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade or commerce, by adulterating its Bombay Sapphire® gin with Grains of Paradise in violation of Florida law. See paragraph 9 of [D.E. 13]

Additionally, the amended complaint further alleges that Defendants BACARDI and WINN-DIXIE acted with knowledge and appreciation of the benefit conferred upon them by the Plaintiff and the members of the class and took advantage of such benefit while continuously violating Florida law. See paragraph 12 of [D.E. 13]. Lastly, the amended complaint alleges that defendants inequitably retained a benefit, conferred by Plaintiff, by violating Florida law, and as such was unjustly enriched. See paragraph 16 of [D.E. 13]. It is undisputed that the two (2) Defendants' conduct is the entire basis of Plaintiff's claim which satisfies the "significant defendant test" as defined in the exception to CAFA jurisdiction.

### C. Defendants BACARDI and WINN-DIXIE are Florida Citizens for Purposes of Federal Diversity.

For the reasons stated earlier, there is no dispute that both defendants are Florida citizens. Plaintiff and the proposed class members are seeking "significant relief" from Defendants BACARDI and WINN-DIXIE. The Eleventh Circuit has stated that a putative class seeks "significant relief" from a defendant, satisfying 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), when "the relief sought against the defendant is a significant portion of the entire relief sought by the class." *Evans*, 449 F. 3d at 1167. As co-defendants, Plaintiff alleges all relief against Defendants BACARDI and WINN-DIXIE for damages sought in the amended complaint in additional to declaratory and injunctive relief pursuant to Florida law. All of the damages claimed against the two (2) Florida defendants is certainly a "significant portion." Multiple courts have held that when

all defendants are allegedly jointly and severally liable for the damages sought, then "significant relief" is sought from all defendants. See, e.g. *Coffey v. Freeport McMoran Copper & Gold,* 581 F. 3d 1240, 1245 (10th Cir. 2009); *Coleman v. Estes Espress Lines, Inc.,* 631 F. 3d 1010, 1020 (9th Cir. 2011); *Lefevre v. Connextions, Inc.*, 2013 WL 6241732 (N.D. Tex. 2013)(using the Eleventh Circuit's definition and holding if equal damages are sought from the local defendant and the non-local defendant(s) then "significant relief" is sought from the local defendant). Moreover, as alleged in the amended complaint, Defendants BACARDI and WINN-DIXIE caused harm to all the members of the putative class. See paragraphs 41, 46, 54, 70 of [D.E. 13]  Thus, as alleged in the amended complaint, the acts of Defendants BACARDI and WINN-DIXIE caused harm to all of the members of the Florida Citizen class and all the members of the class are seeking damages from both Defendant BACARDI and Defendant WINN-DIXIE.

**D.     No Other Class Action Has Been Filed in the Preceding Three Years.**

Plaintiff has not filed any class actions against the Defendants, or any other persons, alleging the same or similar facts within the last three years. Moreover, Plaintiff's counsel performed extensive searches of legal databases, including Westlaw, Pacer, and Bloomberg, but was unable to find any class actions alleging the same or similar factual allegations filed against either Defendant at any time. See Exhibit "D", Affidavit of counsel for Plaintiff, Roniel Rodriguez, IV. Therefore, in the three years preceding the date of the complaint, no other class action has been filed asserting the same or similar factual allegations against either of the Defendants on behalf of the same, or any other persons.

In *Haynes v. EMC Mortgage Corporation,* 2010 WL 1445650 (N.D. Cal. 2010), the district court remanded a removed class action case pursuant to the "local controversy" exception where the Plaintiff provided ample evidence to support the four (4) prongs of the exception.  The case

involved a plaintiff suing both California defendants and non-California defendants for failing to comply with California law, including the California Consumer Remedies Act. The Court held that the even though the California defendant's conduct was not the focus of the action, the Plaintiff still provided ample evidence that the California defendant was a "significant local defendant." Id. at 5.  In holding applying the "local controversy exception" the *Haynes* Court commented that:

> "This is a classic issue of California state law that California state courts would be the best suited to decide. That is not a reason in and of itself to find remand appropriate, but if there was ever a local controversy, then this would be it."

Id. at 6.

Similarly, Florida state courts are best equipped to determine application of state law and therefore this Court should follow the reasoning of *Haynes* and remand this matter to Miami-Dade Circuit Court.

V. **ASSUMING THE COURT FINDS THAT PLAINTIFF HAS NOT MET HIS BURDEN TO ESTABLISH STATUTORY EXCEPTIONS TO JURISDICTION UNDER CAFA, THE DISCRETIONARY EXCEPTION APPLIES REQUIRING REMAND**

28 U.S.C. § 1332(d)(3)(A)-(F) requires that in the interests of justice and looking at the totality of the circumstances, a court *may* decline to exercise jurisdiction under paragraph over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.
>
> 28 U.S.C. § 1332(d)(3)(A)-(F)

Plaintiffs' claims do not involve any national or interstate interests. Rather, the claims simply involve the Plaintiff and proposed class members, all of whom lived in Florida and suffered injuries in Florida at the hands of Florida citizens that do business in Florida and whose conduct is governed by Florida law. Moreover, Plaintiffs' claims are all Florida state law claims and were not alleged to avoid federal jurisdiction, like other instances of plaintiff's attempts to avoid federal jurisdiction. Nor has the Plaintiff improperly joined parties in an attempt to avoid the diversity jurisdiction of the federal courts.

Additionally, the doctrine of comity supports remand. The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." [*Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 112 (1981)] (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971)).

Based on the discrete and limited definition of the class and the number of Florida citizens in the proposed class in the aggregate is substantially larger than the number of citizens of any

other State, and the citizenship of the other members of the proposed class is dispersed among numerous States, if any, this is a "Florida centric" lawsuit which has never been litigated before in any venue.  Therefore, in the interests of justice and based on the totality of the circumstances, this Court should decline to exercise jurisdiction over this matter under 28 U.S.C. § 1332(d)(3).

WHEREFORE, Plaintiffs, URI MARACCHE respectfully request that the Court decline to exercise jurisdiction over this action, either pursuant to the specific mandatory statutory "home state controversy" and  "local controversy" exceptions, or the Court's discretion, the "interests of justice exception," and  remand this case back to  Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

### Local Rule 3.01(g) Certification

The undersigned hereby certifies that counsel for the Plaintiffs has conferred with counsel for Defendants Paige Comparato, Esq. and Melissa Levitt,  Esq. via a conference call on October 11, 2019 and in email exchanges with Marty Steinberg, Esq., in good faith in an effort to resolve the issues raised by this motion. Both Defendants have objected to the relief sought in this motion.

Respectfully submitted,

By:/s/ *Maury L. Udell*
Maury L. Udell, Esq.
Florida Bar No. 121673
Email: mudell@bmulaw.com

CASE NO.: 2019-023856-RNS

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on October 23rd, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and served on Marty Steinberg, Esq.marty.steinberg@hoganlovells.com; David Massey, Esq., david.massey@hoganlovells.com

*Attorneys for Plaintiff*

**RONIEL RODRIGUEZ IV, P.A.**
12555 Biscayne Blvd.
Suite 915
North Miami, Florida 33181
305-773-4875 Dade/Direct
954-769-0919 Broward
305-600-1254 Monroe

By: /s/ *Roniel Rodriguez*
    Roniel Rodriguez IV
    Florida Bar No. 522787
    Email: Ron@RJRfirm.com
    Primary: Service@RJRfirm.com
    Secondary: Pleadings@RJRfirm.com

**BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.**
150 West Flagler Street
Suite 1800
Miami Florida 33130
Telephone (305) 349-3930

By:   /s/ *Maury L. Udell*
    Maury L. Udell
    Florida Bar No. 121673
    Email: mudell@bmulaw.com
    Primary: notice66@bmulaw.com