United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Uri Marrache, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Bacardi U.S.A., Inc. and Winn-Dixie Supermarkets, Inc., Defendants. | ) Civil Action No. 19-23856-Civ-Scola |

**Order Denying Motion to Remand**

Now before the Court is the Plaintiff Uri Marrache's motion to remand the case to Miami-Dade Circuit Court. (ECF No. 16.) Marrache filed his motion to remand, and the Defendants responded.[1] For the reasons set forth below, the Court **denies** Marrache's motion (**ECF No. 16**).

**1. Relevant Factual Allegations**

Marrache files this FDUPTA class action against Bacardi U.S.A., Inc. ("Bacardi") and Winn-Dixie Supermarkets, Inc. ("Winn-Dixie"), alleging that one of the products made by Bacardi and sold by Winn-Dixie, the Bombay Sapphire gin, contains a botanical whose use is prohibited under Florida law. (ECF No. 1-2.)

Marrache originally filed this action on behalf of a putative class of people who purchased Bombay Sapphire gin in Florida in Miami-Dade Circuit Court. (*Id.*) This class included all buyers regardless of whether they are Florida citizens, citizens of other states, or citizens of foreign nations. On September 16, 2019, the Defendants removed this action to federal court pursuant to the Class Action Fairness Act ("CAFA"), and Marrache subsequently filed an amended complaint, which amended the class definition to Florida citizens who purchased Bombay Sapphire gin in Florida. (ECF No. 13.) Marrache filed his motion to remand the case to Miami-Dade Circuit Court pursuant various exceptions under CAFA on October 23, 2019, thirty-seven days after the case was removed.

---

[1] The Court granted Marrache's motion for an extension of time to file his reply. (ECF No. 31.) The deadline to file a reply became December 5, 2019, but Marrache failed to timely file a reply.

## 2. Legal Standard

"In determining whether removal under CAFA is appropriate, a court is generally limited to the universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *PHLD Partnership v. Arch Specialty Ins. Co.*, 565 F. Supp. 2d 1342, 1343 (S.D. Fla. 2008) (Jordan, J.) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212-15 (11th Cir. 2007)).

"CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). A party seeking to remove under CAFA has the burden to establish by a preponderance of evidence that CAFA's jurisdictional requirements are satisfied. *See Miedema*, 450 F.3d at 1328. But once CAFA's jurisdictional requirements are satisfied, the burden shifts to the party opposing removal to establish that one of the exceptions to CAFA applies. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

## 3. The Plaintiff's motion to remand is untimely.

Marrache's motion to remand is untimely because it was filed more than 30 days after removal. Motions for remand that are not predicated on a lack of subject matter jurisdiction must be filed within 30 days after the case is removed. Federal law explicitly imposes this 30-day requirement:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Motions that do not comply with the 30-day requirement must be denied on that basis. *See Whitfield v. Miami-Dade County Police Dept.*, 535 Fed. App'x 772, 774 (11th Cir. 2013) (reversing and remanding the case because "the district court erred in granting Whitfield's untimely motion for remand.").

As stated above, the 30-day time limit does not apply to motions alleging a defect in the district court's subject matter jurisdiction. 28 U.S.C. § 1447(c). However, Marrache's motion, which alleges that three of CAFA's exceptions require remand, is not based on an alleged lack of subject matter jurisdiction, and thus the 30-day limitation applies. The Eleventh Circuit has explained that a remand motion based on "the CAFA exceptions...do[es] not go to the existence

of subject matter jurisdiction; instead [it] go[es] to whether jurisdiction may be exercised in a particular circumstance." *Hunter v. City of Montgomery, Ala.*, 859 F.3d 1329, 1334 (11th Cir. 2017). The CAFA statute supports the Eleventh Circuit's conclusion. CAFA requires that the district court "decline to exercise jurisdiction" if an exception applies. 28 U.S.C. § 1332(d)(4). The text "recognizes that the court has jurisdiction but prevents the court from exercising it if either exception applies." *Hunter*, 859 F.3d at 1334 (citing 28 U.S.C. § 1332(d)(4)). Thus, a motion to remand based on the possible application of a CAFA exception, such as Marrache's motion, is subject to the 30-day time limit.

The notice of removal in this case was filed on September 16, 2019, and thirty-seven days later, Marrache filed this motion to remand. Thus, the Court must deny Marrache's untimely motion.

### 4. Conclusion

In sum, the Court **denies** Marrache's motion for remand (**ECF No. 16**) as untimely. The Court also **denies as moot** Marrache's motion for judicial notice of census data (**ECF No. 15**). Marrache asked the Court to take judicial notice of census data that he used to bolster the substantive arguments in his motion to remand. Because the Court did not reach these arguments and instead denied the motion as untimely, Marrache's motion is moot.

**Done and ordered** at Miami, Florida, on December 6, 2019.

_____
Robert N. Scola, Jr.
United States District Judge